# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

GEORGES MARIUS HYATT,

      Movant,

vs.                             No. CV 16-00758 LH/WPL
                                      No. CR 13-00871 LH

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under rule 4(b) of the Rules Governing Section 2255 Proceedings on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Movant Georges Marius Hyatt on June 30, 2016 (CV 16-00758 LH/WPL, Doc. 1; CR 13-00871 LH, Doc. 39).  Hyatt seeks to vacate and correct his sentence under *Johnson v. United States,* 578 U.S. ___, 135 S.Ct. 2551 (2015).  The Court determines that Hyatt is not eligible for relief under *Johnson* and will dismiss the Motion.

## FACTUAL AND LEGAL BACKGROUND

Hyatt was charged with two counts of Bank Robbery in violation of 18 U.S.C. §§ 2113(a). (CR 13-00871 LH, Doc. 20).  The Information stated:

> "On or about July 16, 2012, in Bernalillo County in the District of New Mexico, the defendant, Georges Marius Hyatt, by force, violence, and intimidation, did take form the person and presence of another a sum of U.S. currency belonging to and in the care, custody, control, management and possession of the New Mexico Educators Federal Credit Union, located at 6501 Indian School Road, NE, Albuquerque, New Mexico, the deposits of which were then insured by the Federal Deposit Insurance Corporation."

> "On or about July 17, 2012, in Bernalillo County, in the District of New

>Mexico, the defendant, Georges Marius Hyatt, by force, violence and
>intimidation, did take form the person and presence of another a
>sum of U.S. currency belong to and in the care, custody, control,
>management and possession of the Bank of the West, located at
>5401 Gibson Blvd. SE, Albuquerque, New Mexico, the deposits of
>which were then insured by the Federal Deposit Insurance Corporation."

(CR 13-00871 LH, Doc. 20).  Hyatt was also charged with Possessing and Brandishing a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and Felon in Possession of a Firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Hyatt had two prior felony convictions for Bank Robbery in violation of 18 U.S.C. § 2113(a).  *See:* CR 13-00871 LH, Doc. 20 at 2; CR 05-02769 JC; and CR 00-01446 BB.

On March 21, 2013, Hyatt entered into a Plea Agreement in which he pled guilty to the two counts of Bank Robbery, the Possession and Brandishing of a Firearm in Furtherance of a Crime of Violence, and Felon in Possession of a Firearm.  (CR 13-00871 LH, Doc. 23).  Hyatt was then sentenced to a term of imprisonment of 186 months.  (CR 13-00871 LH, Doc. 33). Hyatt filed a pro se Motion under 28 U.S.C. § 2255 on June 30, 2016.  (CV 16-00758 LH/WPL, Doc. 1; CR 13-00871 LH, Doc. 39).[1]  Hyatt's pro se Motion contends that the Bank Robbery offenses did not qualify as "crimes of violence" and should not have been used to enhance his sentence under § 924(c) in light of *Johnson.*  (CV16-00758 LH/WPL, Doc. 1 at 5; CR 13-00871 LH, Doc. 39 at 5)

## APPLICABLE LAW ON *JOHNSON V. UNITED STATES* AND SECTION 2255 COLLATERAL REVIEW

Hyatt seeks collateral review of his sentences in CV16-00758 and CR 13-00871 under 28 U.S.C. § 2255.  Section 2255 provides:

---

[1] There is an issue as to whether Hyatt's Motion was filed within the one-year deadline for cases arising under *Johnson*. However, because the Court determines that Hyatt is not eligible for relief under *Johnson,* the Court will not reach the timeliness question.

> "A prisoner in custody under a sentence of a court established by
> Act of Congress claiming the right to be released upon the ground
> That the sentence was imposed in violation of the Constitution or
> Laws of the United States, or that the court was without jurisdiction
> To impose such sentence, or that the sentence was in excess of the
> Maximum authorized by law, or is otherwise subject to collateral
> Attack, may move the court which imposed the sentence to vacate,
> Set aside or correct the sentence."

28 U.S.C. § 2255(a).  Because Hyatt seeks collateral review more than a year after his sentences became final, he relies on a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review in *Johnson*.  See 28 U.S.C. § 2255(f)(3).

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is impermissibly vague and imposing an increased sentence under the residual clause of 18 U.S.C. § 924(e)(2)(B) violates the Constitution's guarantee of due process. 135 S.Ct. at 2562-2563.  Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony."  18 U.S.C. § 924 (e)(2)(B).  The Act defines "violent felony" to mean:

> "any crime punishable by imprisonment for a term exceeding one
> year . . . that—
>
>    (i) has as an element the use, attempted use, or threatened
> use of physical force against the person of another; or
>
>    (ii) is burglary, arson, or extortion, involves the use of
> explosives, *or otherwise involves conduct that presents a serious
> potential risk of physical injury to another*."

18 U.S.C. § 924(e)(2)(B) (emphasis added).  The *Johnson* Court struck down the italicized residual clause language of § 924(e)(2)(B)(ii) as unconstitutionally vague.  135 S.Ct. at 2555-2563.  The language of § 924(e)(2)(B)(i), which defines "violent felony" to mean a crime that "has as an element the use, attempted use, or threatened use of physical force," is commonly referred to as the "element" or "force" clause.  The "enumerated" clause is the language of §

3

924(e)(2)(B)(ii) that lists the crimes of burglary, arson, extortion, or the use of explosives as violent felonies.  The Supreme Court expressly stated that its holding with respect to the residual clause does not call into question application of the Act to the four enumerated offenses or the remainder of the definition of a violent felony in § 924(e)(2)(B).  135 S.Ct. at 2563.  Therefore, the *Johnson* decision has no application to sentences enhanced under the force or element clause of § 924(e)(2)(B)(i) or the enumerated clause of § 924(e)(2)(B)(ii).

## ANALYSIS OF MOVANT HYATT'S CLAIM

### I. *JOHNSON* DOES NOT CLEARLY INVALIDATE THE RESIDUAL CLAUSE OF § 924(c):

Hyatt's sentence was not enhanced under § 924(e)(2)(B) of the ACCA.  Instead, Hyatt argues that the *Johnson* ruling should be applied to the residual clause of 18 U.S.C. § 924(c). The question of whether *Johnson* applies to invalidate the residual clause language of § 924(c) is an unsettled question.  In *Johnson,* the Supreme Court indicated that its ruling did not place the language of statutory provisions like the § 924(c)(3)(B) residual clause in constitutional doubt. 135 S.Ct. at 2561.The lower courts have divided on the question of application of the *Johnson* ruling to § 924(c) and similarly-worded provisions.  *See  United States v. Taylor,* 814 F.3d 340, 375-79 (4th Cir. 2016)( declining to find § 924(c) void for vagueness); *United States v. Vivas-Ceja,* 808 F.3d 719, 723 (7th Cir. 2015) (finding language similar to § 924(c) void for vagueness); *Dimaya v. Lynch,* 803 F.3d 1110, 1120 (9th Cir. 2015) (holding similar language in the Immigration and Nationality Act void); *In re Smith*, ___ F.3d ___, 2016 WL 3895243 at *2-*3 (11th Cir. 2016) (noting the issue but not deciding it in the context of an application for permission to file a second or successive § 2255 motion).  The question of whether the *Johnson* holding applies to the residual clause of § 924(c) is presently pending before the Tenth Circuit in *United States v Hopper*, 10th Cir. No. 15-2190.

The question of whether the reasoning of *Johnson* should extend to the residual clause of § 924(c)(3)(B) remains unsettled.  However, the Court need not determine in this case whether *Johnson* should apply to invalidate the residual clause of § 924(c)(3)(B).  As set out, below, even if *Johnson* was extended to § 924(c), Hyatt's predicate Bank Robbery crimes come within the force or element clause, not the residual clause, and he is not eligible for resentencing.[2]

## II.  BANK ROBBERY IS A CRIME OF VIOLENCE UNDER THE "FORCE" OR "ELEMENT" CLAUSE OF § 924(c):

Under 18 U.S.C. § 924(c)(1)(A), a defendant who "uses or carries" a firearm "during and in relation to any crime of violence" faces a five-year mandatory minimum sentence, to run consecutively to any sentence for the underlying offense. *See United States v. Johnson,* 32 F.3d 82, 85 (4th Cir.1994). If, during the commission of the crime of violence, "the firearm is brandished," the mandatory minimum sentence increases to seven years. *See* § 924(c)(1)(A)(ii). Section 924(c) defines "crime of violence" to mean:

> "[A]n offense that is a felony and—
> (A) has as an element the use, or threatened use of physical force
> against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical
> force against the person or property of another may be used
> in the course of committing the offense."

18 U.S.C. § 924(c)(3). Hyatt contends that his Bank Robbery convictions do not qualify as crimes of violence under the "force" or "element" clause of § 924(c)(3)(A) and, therefore, must come within the presumably invalid residual clause language of § 924(c)(3)(B).  Contrary to Hyatt's argument, the Bank Robbery crimes charged against Hyatt clearly have as an element the use, or threatened use of physical force against the person or property of another and support

---

[2] There is also a question as to whether Hyatt waived the right to raise the *Johnson* issue on collateral review under his Plea Agreement.  However, because the Court concludes that, Hyatt would not be eligible for resentencing, the Court does not reach the waiver issue.

enhancement of his sentence under § 924(c) without resort to the residual clause language.

To determine whether a prior conviction constitutes a crime of violence under the force or element clause, the Court employs a categorical approach. *United States v. Perez–Jiminez,* 654 F.3d 1136, 1140 (10th Cir.2011). The Court looks only to the fact of conviction and the statutory definition of the prior offense, and does not generally consider the particular facts disclosed by the record of conviction. *United States v. Wray*, 776 F.3d 1182, 1185 (10th Cir. 2015).  Where a statute defines multiple crimes by listing alternative elements, the Court utilizes a modified categorical approach, which permits the Court to look at the charging documents to determine the elements under which the defendant was charged and convicted.  *See Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 2248-49 (2016).

Bank robbery under 18 U.S.C. § 2113(a) has three elements: (1) the defendant took, or attempted to take, money belonging to, or in the custody, care, or possession of, a bank, credit union, or saving and loan association; (2) the money was taken "by force and violence, or by intimidation"; (3) the deposits of the institution were federally insured. *See United States v. Davis,* 437 F.3d 989, 993 (10th Cir.2006). The second element is the focus of the Court's inquiry in this case: that the money was taken from the bank "by force and violence, or by intimidation." *See* § 2113(a).

The circuit courts have uniformly ruled that federal crimes involving takings "by force and violence, or by intimidation," have as an element the use, attempted use, or threatened use of physical force.  In *United States v. Boman,* 810 F.3d 534 (8th Cir.2016) the Eighth Circuit held that robbery in the special maritime and territorial jurisdiction of the United States under 18 U.S.C. § 2111 satisfied the similarly worded force clause in the Armed Career Criminal Act ("ACCA"), because it required a taking "by force and violence, or by intimidation."  *Boman,* 810

6

F.3d at 542–43. The Second and Eleventh Circuits reached the same conclusion with respect to the carjacking statute, 18 U.S.C. § 2119. *See United States v. Moore,* 43 F.3d 568, 572–73 (11th Cir.1994); *United States v. Mohammed,* 27 F.3d 815, 819 (2d Cir.1994). The Fourth Circuit expressly stated in *Adkins,* that bank robbery is "unquestionably a crime of violence, because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.' " *See* 937 F.2d at 950 n. 2 (quoting 18 U.S.C. § 924(c)(3)(A)). The courts have also consistently determined that a § 2113(a) bank robbery is a crime of violence under the force clause of Guidelines section 4B1.2, which contains force clause language nearly identical to the § 924(c)(3) force clause. *See Johnson v. United States,* 779 F.3d 125, 128–29 (2d Cir.2015); *United States v. Davis,* 915 F.2d 132, 133 (4th Cir.1990); *United States v. Maddalena,* 893 F.2d 815, 819 (6th Cir.1989); *United States v. Jones,* 932 F.2d 624, 625 (7th Cir.1991); *United States v. Wright,* 957 F.2d 520, 521 (8th Cir.1992); *United States v. Selfa,* 918 F.2d 749, 751 (9th Cir.1990). A taking "by force and violence" entails the use of physical force.

Likewise, a taking "by intimidation" involves the threat to use such force. *See, e.g., Jones,* 932 F.2d at 625 ("Intimidation means the threat of force"); *Selfa,* 918 F.2d at 751 (explaining that the intimidation element of § 2113(a) meets the Guidelines § 4B1.2(1) requirement of a threatened use of physical force). Bank robbery under § 2113(a), "by force and violence," requires the use of physical force. Bank robbery under § 2113(a), "by intimidation," requires the threatened use of physical force. Either of those alternatives includes an element that is "the use, attempted use, or threatened use of physical force," and thus bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3). *See United States v. Gilmore*, 282 F.3d 398, 402 (6th Cir. 2002).

Moreover, Hyatt was expressly charged with and pled guilty to bank robbery by force and violence, **and** by intimidation. (CR 13-00871 LH, Doc. 23). He was charged with and convicted of robbery by force as well as robbery by intimidation.  Regardless of whether "intimidation" has as an element the threatened use of physical force, Hyatt was convicted of crimes that include an element that is the use, attempted use, or threatened use of physical force. *Mathis v. United States*, 136 S.Ct. at 2248-49.  Hyatt's sentence was properly enhanced under the force clause of § 924(c)(3)(A) and without resort to the residual clause of § 924(c)(3)(B), he is not entitled to relief, and the Court will dismiss his Motion under rule 4(b) of the Rules Governing Section 2255 Proceedings.

Under 28 U.S.C. § 2253(c)(1) and (3), the Court determines that Hyatt has not made a substantial showing of denial of a constitutional right.  The Court will, therefore, deny a certificate of appealability.  See rule 11(a) of the Rules Governing Section 2255 Proceedings.

**IT IS ORDERED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Movant Georges Marius Hyatt on June 30, 2016 (CV 16-00758 LH/WPL, Doc. 1; CR 13-00871 LH, Doc. 39) is **DISMISSED** under rule 4(b) of the Rules Governing Section 2255 Proceedings; and a Certificate of Appealability is **DENIED** under rule 11(a).

_____
SENIOR UNITED STATES DISTRICT JUDGE